**FILED**
**Aug 11, 2026**
**7:20 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Demetrius Webb | Docket No.   2024-20-6489 |
| v. | State File No.   14599-2024 |
| A.O. Smith Water Products Co., et al. | |
| Appeal from the Court of Workers' Compensation Claims Robert V. Durham, Judge | |

---

### Affirmed and Certified as Final

---

This is a compensation appeal concerning the employee's challenge to the legitimacy of a prior settlement agreement entered into between the parties and approved by the Court of Workers' Compensation Claims. Approximately eleven months after the settlement was approved, the self-represented employee filed a petition asking the court to set it aside due to alleged "procedural violations," fraud, misrepresentation, and "concealment." Following a period of discovery, the employer filed a motion for summary judgment, to which the employee responded. In lieu of addressing the employer's dispositive motion, the court conducted a compensation hearing, after which it entered an order denying the employee's motion to set aside the settlement agreement, and the employee has appealed. After careful review of the entire record, including a supplemental record submitted by the trial court, we affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Demetrius Webb, employee-appellant, pro se

Lee Anne Murray and Taylor R. Pruitt, Brentwood, Tennessee, for the employer-appellee, A.O. Smith Water Products Co.

### Factual and Procedural Background

The employee, Demetrius Webb ("Employee"), was working for A.O. Smith Water Products Co. ("Employer") on February 26, 2024, when he felt right low back pain while lifting a water tank. Employee received authorized medical care with Dr. Timothy Jenkins,

an orthopedic surgeon.  According to a Final Medical Report ("Form C-30A") Dr. Jenkins signed on June 24, Employee reached maximum medical improvement ("MMI") as of June 5, 2024, and was assigned a permanent medical impairment rating of 1%.  Dr. Jenkins indicated on the report that Employee had no permanent work restrictions.

On October 7, 2024, the parties appeared before the Court of Workers' Compensation Claims in Gray, Tennessee, to present a proposed settlement agreement for the court's consideration.  According to the terms of that agreement, the parties acknowledged that Employee had returned to work for Employer at an equal or greater rate of pay than before the accident and that no temporary disability benefits were owed.  Moreover, the parties agreed Employee would receive permanent disability benefits based on the 1% impairment rating, which totaled $2,533.32, as his "original award."  The agreement further stated that Employee's initial compensation period would end on December 2, 2024, and that, potentially, Employee could pursue a claim for an award of increased permanent disability benefits depending on his employment status as of that date.[1]  Following the approval hearing, the court approved the settlement agreement and entered a judgment on October 7 finding that Employee was receiving substantially the benefits to which he was entitled under the Workers' Compensation Law.

Over eleven months later, on September 17, 2025, Employee filed a petition for benefit determination listing the same date of injury as was addressed in the prior settlement agreement.  In section C of the petition, which asks the filing party to "[i]dentify the problem you are having with the workers' compensation claim," Employee wrote nothing.  There was no request for relief of any kind included in the petition.  However, on October 30, Employee indicated in a document submitted to the mediator that he wanted to "point out procedural violations and request appropriate medical and administrative relief."

On November 12, 2025, Employee filed a hearing request, and, on November 13, he filed a document entitled "Motion to Set Aside Order Approving Settlement for Fraud, Misrepresentation, and Concealment."  In that document, Employee alleged that relevant medical information was "not disclosed" in the original settlement documentation, including evidence of lumbar radiculopathy, sciatica, and persistent radicular symptoms.  Employee then argued that the settlement agreement included one or more material misrepresentations of the facts of the case.  In addition, Employee testified in his Rule 72 Declaration that he never "sought out" workers' compensation benefits.[2]  He denied being

---

[1] Thereafter, no claim was presented for increased benefits pursuant to Tennessee Code Annotated section 50-6-207(3)(B).

[2] The only sworn statements we have for our review are Rule 72 Declarations signed by Employee (dated November 12, 2025), a person identified as Employee's co-worker (dated November 28, 2025), and a person identified as Employee's fiancée (dated December 2, 2025).  Neither party in this case submitted a

2

told that he was signing a settlement agreement and, instead, claimed that he was told the monetary payment was Employer's gesture of "gratitude for being a good employee."

On December 10, 2025, Employer filed a notice of its intent to rely on a Standard Form Medical Report ("Form C-32") of Dr. Jenkins. *See* Tenn. Code Ann. § 50-6-235(c)(1) (2025). In a signed Addendum to the Form C-32, dated November 19, 2025, Dr. Jenkins clarified that the impairment rating he assigned "encompasses the totality of [Employee's] medical impairment arising out of his work-related condition" and that Employee "has non-work-related back conditions which will likely cause some issues and sensitivities over time." On December 15, 2025, Employee filed an objection to the admissibility of Dr. Jenkins's Form C-32. *See* Tenn. Code Ann. § 50-6-235(c)(2). However, Employee's objection did not indicate he intended to depose Dr. Jenkins as required by subsection 235(c)(2) but instead included a "motion to strike" the Form C-32 because, according to Employee's argument, it "is derivative of a demonstrably altered medical record."

On December 12, 2025, Employer filed a motion to convert the court's prior status order to a scheduling order and a motion for summary judgment, arguing there were no genuine issues of material fact and that it was entitled to judgment as a matter of law.[3] Specifically, Employer argued that there were no material misrepresentations in the settlement agreement and that it had no "legal duty to disclose to the Employee his own medical conditions." Pursuant to Bureau rules, Employer included the date and time of the hearing for the motion for summary judgment as January 12, 2026, at 10:00 A.M. *See* Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(c) (2026). Employee responded to the motion for summary judgment on December 16, asserting that the motion was "procedurally improper," that it "undermines the discovery process," that it "demonstrates bad faith," and that summary judgment is inappropriate because of what he regarded as inconsistencies in various medical records.[4] On December 29, 2025, the court entered an order holding Employer's motion to convert the status order to a scheduling order in abeyance, cancelling the motion for summary judgment hearing, and setting a hearing on Employee's motion to set aside the settlement for March 6, 2026.

Beginning in January 2026, Employee filed a series of extensive motions and responses, including: (1) a "Motion for Spoilation [sic] Sanctions, Evidentiary Exclusion, and Related Relief"; (2) a purported transcript of an alleged conversation Employee had

---

certified transcript of the compensation hearing. Thus, we have gleaned the facts from the technical record, supplemental record of exhibits, and the Rule 72 Declarations.

[3] A scheduling order is required before a dispositive motion can be entertained by the court. Tenn. Comp. R. & Regs. 0800-02-21-.18(1)(b) (2026).

[4] On December 17, 2025, the Chief Judge of the Court of Workers' Compensation Claims entered an order transferring the case to a different judge.

with an apparent nurse case manager; (3) a response to Employer's "Motion to Deem Requests for Admission Admitted"; (4) a reply to Employer's response to Employee's motion for spoliation sanctions; and (5) a "Motion to Compel Discovery, for Preservation Order, and to Deem Privilege Waived."[5]

On January 21, 2026, the trial court issued an order giving Employee additional time to respond to Employer's requests for admissions of fact. The court also indicated Employee would be given the opportunity to present evidence supporting his claim of spoliation of evidence and misrepresentation at the March 6, 2026 hearing, but we have no transcript of that hearing to review. In addition, the court set a deadline for Employer to respond to Employee's discovery requests.

The March 6 hearing was conducted as a compensation hearing addressing Employee's petition and motion to set aside the settlement agreement. On March 23, 2026, the trial court entered an order denying Employee's request to set aside the settlement agreement and prior judgment. In reaching its determination, the Court analyzed whether Employee had met his burden under Tennessee Rule of Civil Procedure 60.02 to obtain relief from a prior judgment due to mistake, fraud, or "any other reason justifying relief from the operation of the judgment." As noted by the trial court, Tennessee's appellate courts have made clear that relief from a judgment under Rule 60 is "rare and disfavored" and is an "exceptional remedy." The trial court pointed out that Employee "acknowledged at the hearing that he knew he suffered from 'sciatica' and 'nerve damage' before he entered into the settlement agreement." It also noted that Employee produced no evidence supporting his claim that any medical records had been altered.[6] Finally, the court noted that Employer's counsel forwarded the proposed settlement documents to Employee

---

[5] The purported transcript of the conversation with a nurse case manager is unauthenticated hearsay, and there is no indication in the record that it was ever admitted into evidence or relied on by the trial court. Throughout the course of this litigation, Employee has filed numerous documents with extensive legal arguments and attachments, some of which have no basis in law or fact. For example, in a pleading entitled "Employee's Opposition to Defendants' Motion to Deem Requests for Admission Admitted," filed January 5, 2026, Employee stated as fact that "Defendants created a pre-filled/completed Form C-32 and addendum and sent it to the physician for signature" and later refers to this document as a "fabricated Form C-32." He cited no evidence supporting these allegations. Whether he drafted these filings with the assistance of artificial intelligence (AI) or not, Employee should be aware that he is responsible for the accuracy of all content he chooses to file with the court. All litigants, whether represented by counsel or not, must comply with Rule 11 of the Tennessee Rules of Civil Procedure. They must certify the accuracy of all factual assertions "to the best of the person's knowledge, information, and belief" that are "formed after an inquiry reasonable under the circumstances." Tenn. R. Civ. P. 11.02. The parties are further prohibited from filing documents "for any improper purpose, such as to . . . cause unnecessary delay or needless increase in the cost of litigation," and the documents must seek relief "warranted by existing law or by a nonfrivolous argument for the extension . . . of existing law." Tenn. R. Civ. P. 11.02(1)-(2). Rule 11 also authorizes a court to impose sanctions on litigants who fail to abide by these mandates. Tenn. R. Civ. P. 11.03.

[6] The court further noted that the allegedly "altered" records Employee sought to introduce during the hearing were actually summaries of medical records obtained through that provider's patient portal.

4

several days before the settlement hearing, Employee admitted he signed them, and both Employer's counsel and the trial judge who considered the settlement explained to Employee his rights with respect to his claim and the proposed settlement. Employee has appealed the trial court's order denying his petition and motion to set aside the settlement agreement and prior judgment.[7]

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2025). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to credibility determinations made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "when it comes to deposition testimony, an appellate panel is in the same position as the trial court to make credibility determinations." *Edwards v. Peoplease, LLC*, No. W2024-01034-SC-R3-WC, 2025 Tenn. LEXIS 514, at *18 (Tenn. Dec. 22, 2025). Thus, when medical proof is presented by deposition, "the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony." *Id.* Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2025).

**Analysis**

This case requires us to consider whether Employee has met his burden under Rule 60.02 to justify relief from the October 2024 judgment entered by the trial court approving the settlement agreement between the parties. As an initial matter, and by way of background, we note that Tennessee Code Annotated section 50-6-240 compels parties to a workers' compensation claim to obtain the approval of any settlement agreement from the Court of Workers' Compensation Claims. Tenn. Code Ann. § 50-6-240(a) (2025). Workers' compensation judges have a statutory duty to "examine the proposed settlement to determine whether the employee is receiving, substantially, the benefits provided by [the Workers' Compensation Law]." *Id.* If a settlement agreement is approved, the law requires that "a judgment shall be rendered on the settlement by the court." *Id.* Finally, in considering a proposed settlement agreement, the court "shall consider all pertinent factors

---

[7] After Employee's notice of appeal was filed, the trial court clerk inadvertently treated Employee's appeal as interlocutory in nature. Upon discovering that error, we entered an order allowing Employee to withdraw his prematurely filed brief and clarifying the parties' deadlines to submit briefs consistent with deadlines for a compensation appeal.

and[,] if the injured employee is not represented by counsel, then the workers' compensation judge shall thoroughly inform the employee of the scope of benefits available under [the Workers' Compensation Law] and the employee's rights and procedures necessary to protect those rights." Tenn. Code Ann. § 50-6-240(c) (2025).

*Setting Aside Judgments*

There are several ways in which a party may seek relief following the entry of an order or judgment. One such way is Rule 59 of the Tennessee Rules of Civil Procedure, which provides a party the opportunity to ask a court to alter or amend a judgment. However, a Rule 59 motion must be filed within thirty days of the entry of the order that is the subject of the motion. *See* Tenn. R. Civ. P. 59.04. That did not occur in the present case.

A second avenue for post-judgment relief can be found in Rule 60.02, which sets out the reasons a court may relieve a party from a final judgment, order, or proceeding, including:

(1)     mistake, inadvertence, surprise[,] or excusable neglect;
(2)     fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(3)     the judgment is void;
(4)     the judgment has been satisfied, released[,] or discharged . . . ; or
(5)     any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02. In *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114 (Tenn. 2013), a workers' compensation claimant sought to set aside a settlement pursuant to Rule 60.02. The trial court had granted the employee's motion, finding that the employee's attorney had not provided the employee with adequate legal counsel concerning the benefits to which the employee was entitled. *Id.* at 121. On appeal, the Tennessee Supreme Court reversed, holding that the trial court improperly granted the motion. *Id.* at 137. The Court first explained that relief under Rule 60.02 is "rare and disfavored" and is an "exceptional remedy." *Id.* at 127. With respect to subparagraph (5), as quoted above, the Court further reasoned that Rule 60.02(5) "does not relieve a party from his or her free, calculated, and deliberate choices." *Id.* at 128. Moreover, "the rule affords relief [only] in the most extreme, unique, exceptional, or extraordinary cases." *Id.*; *see also Robinson v. McClellan*, No. E2025-00512-COA-R3-CV, 2026 Tenn. App. LEXIS 417, at *7-8 (Tenn. Ct. App. Aug. 4, 2026).

In *Henderson v. SAIA, Inc.*, 318 S.W.3d 328 (Tenn. 2010), the Tennessee Supreme Court addressed a similar motion for Rule 60 relief. The employee in *Henderson* settled her claim and then later attempted to have the settlement set aside pursuant to Rule 60.02. *Id.* at 331. In considering the employee's motion, the Supreme Court explained, "The

6

general purpose of Rule 60.02 is 'to alleviate the effect of an oppressive or onerous final judgment.'" *Id.* at 336 (internal citation omitted). The Court cautioned that "relief under Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order, nor by a party who is merely dissatisfied with a particular outcome. Instead, relief is appropriate only in those relatively few instances that meet the criteria of the rule." *Id.* (internal citation omitted). The Court further reasoned:

> Rule 60.02 has been described as an escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules. Out of respect for the finality afforded to legal proceedings, this "escape valve" should not be easily opened. Accordingly, a party seeking relief from a judgment under Rule 60.02 bears the burden of proving that it is entitled to relief *by clear and convincing evidence*.

*Id.* (internal citations and some quotation marks omitted) (emphasis added). Thus, an employee seeking to set aside an order approving a workers' compensation settlement agreement in accordance with Rule 60.02 must present clear and convincing evidence supporting a basis to set aside the order. On appeal, a trial court's decision with respect to such a motion will be upheld unless the appellate court determines that the trial court "abused its discretion in granting or denying relief." *Id.* at 335.

*Procedural Issues*

Before applying the law as summarized above to the facts of this case, we are compelled to address the voluminous filings and various motions submitted after the filing of Employee's notice of appeal. As noted above, due to an initial error in the classification of this appeal, Employee submitted various documents based on his understanding that the deadlines for interlocutory appeals applied. That error was corrected, and the parties were given relief in the form of allowing submissions to be withdrawn and setting appropriate deadlines for motions and briefs. Beginning on May 5, 2026, the parties submitted the following for our consideration:

1.   Employee's Statement of the Evidence;
2.   Employee's Brief on Appeal (later withdrawn);
3.   Employee's Motion for In-Person Oral Argument;
4.   Employee's Jurisdictional Statement;
5.   Employee's Notice of Filing Amended Brief on Appeal;
6.   Employer's Motion to Strike Employee's Statement of the Evidence;
7.   Employer's Response in Opposition to Employee's Motion for Oral Argument;

7

8. Employee's Combined Response Opposing Motion to Strike and Motion to Treat Statement of the Evidence as Properly Filed;
9. Employer's Reply to Employee's Response to Motion to Strike Statement of the Evidence;
10. Employee's Supplemental Response Regarding Timeliness of the Statement of the Evidence and Notice of Clerical Error;
11. Employer's Response to Employee's Supplemental Response;
12. Employee's Motion to Strike Premature Brief on Appeal and for Leave to File an Amended Brief Following Settlement of the Record;
13. Employer's Response to Employee's Motion to Strike Premature Brief on Appeal and for Leave to File an Amended Brief;
14. Employee's Motion to Supplement the Record and to Remand for Settlement of the Statement of the Evidence;
15. Employer's Response to Employee's Motion to Supplement the Record and to Remand for Settlement of the Statement of the Evidence; and
16. Employee's Reply to Employer's Response to Motion to Supplement the Record and to Remand for Settlement of the Statement of the Evidence.

On June 10, 2026, in response to Employee's motion to supplement the record, we entered an order remanding the case for the trial court to clarify the record and identify the documentary evidence upon which it had relied in issuing its March 23 order. The trial court issued an order on July 1 clarifying the record and attached to its order 175 pages of documents "made exhibits at the March 6, 2026, evidentiary hearing." Thereafter, the parties filed the following additional documents with the trial court:

1. Employee's Motion to Remand for Correction and Clarification of the Record or, in the Alternative, for a Determination Regarding the Scope of the Record on Appeal;
2. Employee's Status Update and Request for Expedited Ruling on Motion to Remand for Correction and Clarification of the Record;
3. Employee's Renewed Emergency Motion for Immediate Stay of Briefing Deadline and/or Extension of Time to File Brief on Appeal and Request for Expedited Consideration;
4. Employee's Motion for an Expedited Hearing to Address Discrepancies in the Record and the Filed List of Exhibits;
5. Employee's Motion to Certify Official Electronic Recording as Record on Appeal or, in the Alternative, for Extension of Time;
6. Employee's Consolidated Motion Requesting a Hearing on All Pending Motions;
7. Employer's Response to Employee's Motions filed on July 3 and July 4, 2026;

8. Employee's Response to Employer's Denial Motion of July 3 Filings; and

9. Employee's Motion to Supplement and Correct the Record on Appeal Based on Material Falsification of Exhibit Admission Status.

On July 6, 2026, the trial court issued an order denying Employee's motions, concluding that "the issues [Employee] raised in the motions have already been addressed . . . in previous orders." Later that same day, Employee filed another motion, this time with us, seeking supplementation of the record because of what he described as errors in the exhibits attached to the trial court's July 1 order.

On July 7, 2026, we issued an order setting deadlines for any and all briefs and motions the parties intended to file. Thereafter, the parties filed the following additional documents:

1. Employer's Response in Opposition to Employee's Motion to Supplement and Correct the Record;

2. Employee's Reply in Support of Motion to Supplement and Correct the Record;

3. Employee's Brief on Appeal;

4. Employee's Renewed Motion for In-Person Oral Argument;

5. Employee's Motion to Accept Conditional Proffer of Self-Prepared Verbatim Transcript and Hearing Recording or, Alternatively, to Remand for Settlement of the Record;

6. Employer's Response in Opposition to Employee's July 15, 2026 Motions;

7. Employer's Brief on Appeal;

8. Employee's Reply to Employer's Brief on Appeal; and

9. Employee's Motion to Correct the Record.

First, we deny Employee's motion for oral argument. The parties have submitted voluminous and extensive documentation expressing their respective arguments. It is within our discretion whether to schedule a case for oral argument, *see* Tenn. Comp. R. & Regs. 0800-02-22-.08(1)-(2) (2023), and we decline to do so here.

Second, we address Employee's proposed statement of the evidence. Tenn. Comp. R. and Regs. 0800-02-22-.06(1) explains that such a statement summarizes "the testimony presented at the hearing." *See also Edwards v. Fred's Pharmacy*, No. 2017-06-0526, 2018 TN Wrk. Comp. App. Bd. LEXIS 9, at *11 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018) ("The document filed by the parties in this case, while titled a statement of the evidence, was not a summary or recitation of testimony heard by the trial judge.") It appears from our review of the trial court's May 22 order that it misapprehended the document under review. On May 5, 2026, Employee filed a proposed "Statement of the Evidence" and what it identified as "Appellant's Brief." Employer then filed a "Motion to

9

Strike Employee's Statement of the Evidence" on May 7. Despite these filings, the trial court mistakenly believed that Employee was seeking to have his brief certified as a statement of the evidence. (Specifically, in an order entered on May 22, the trial court found "that the document does not constitute a statement of the evidence. . . . Instead, the Court finds it to be what it purports to be – [Employee's] appellate brief.") In short, we find nothing in the record to indicate the trial court ever reviewed and considered Employee's proposed "Statement of the Evidence" filed on May 5. Thus, we conclude it was an abuse of discretion for the court decline to certify a proposed statement it had never reviewed. That conclusion, however, does not end the inquiry. We must also determine whether the trial court's error was prejudicial or harmless under the circumstances of this case in light of the record as a whole.

Rule 0800-02-22-.06(1) requires a party to file a transcript or statement of the evidence in a compensation appeal "within fifteen (15) calendar days of the filing of the notice of appeal." At that point in this case, however, the parties were working under the mistaken assumption that this was an interlocutory appeal. That rule requires a statement of the evidence to be filed "within ten (10) business days of the filing of the notice of appeal." Tenn. Comp. R. & Regs. 0800-02-22-.05(1) (2023). Employee's notice of appeal was filed on March 31. Thus, regardless of which rule was applied, Employee's proposed statement of the evidence was due to be filed *at the latest* by April 15. It was not filed until May 5. In short, we conclude the trial court's error in not reviewing the correct document was harmless under the circumstances of this case.

Third, we address Employee's various objections to the supplemental record certified by the trial court in its July 1 order. The crux of Employee's objections hinges on the labels of several exhibits attached to the trial court's order that included the "ID" designation. Traditionally, exhibits marked "for identification only" have not been formally admitted into evidence for the court's consideration but are included to ensure a complete record. *See, e.g.*, *Butcher v. Shelby Cnty. Bd. of Educ.*, No. W2024-01202-COA-R3-CV, 2025 Tenn. App. LEXIS 382, at *34 (Tenn. Ct. App. Oct. 10, 2025). Yet, the trial court's July 1 order indicated that all of the attached exhibits, presumably including those marked with the "ID" designation, were "considered in denying [Employee's] motion."

However, upon close review of the exhibits marked with the "ID" designation, every exhibit that included the "ID" designation, except one, was comprised of documents that were also included with other exhibits that did *not* include the "ID" designation, consisting mainly of various medical records and/or summaries of such records. For example, Exhibit 1, marked for "ID," appears to be a six-page summary of medical records from Watauga Orthopedics ("Watauga") dated March 13, 2024, April 3, 2024, and August 20, 2025. Exhibit 2, also marked for "ID," is a ten-page summary of medical records from Watauga that includes appointment dates, lab orders, medication orders, physical therapy referrals, and "work status reports." It also contains a summary of the MRI report dated April 3, 2024, as well as a summary of vital signs taken at various visits between February 26, 2024,

and June 5, 2024.  Exhibit 3, also marked with the "ID" designation, is a similar printed summary of Watauga records that includes the providers' assessments for those same visits.  Yet, Exhibit 5, which was not marked for "ID," contains the MRI report; and Exhibits 6 and 8, also not marked for "ID," contain fifty-four pages of medical records from the same providers and same dates of service reflected in Exhibits 1-3.  Thus, the medical records from Watauga summarized in Exhibits 1-3, and marked for "ID," are also contained in properly-admitted Exhibits 5, 6, and 8.

Exhibit 14, which was marked for "ID," contains copies of a letter and proposed settlement documents forwarded from Employer's counsel to Employee prior to the settlement approval hearing in 2024.  Those same documents are also marked as Exhibit 16, which does *not* contain the "ID" designation.  Moreover, the letter that Employee signed indicating his acceptance of the settlement offer on August 1, 2024, is included as Exhibit 13, which was not marked for "ID."

The only exhibit marked for "ID" that is not also included in another exhibit is a "Choice of Physician" form on which Employee purportedly indicated his selection of Dr. Jenkins at Watauga as his authorized physician.  Yet, there is no dispute in this case regarding whether Employee's treatment with Dr. Jenkins and Watauga providers was authorized.  Thus, our careful review of the record as a whole indicates that the trial court's error in "considering" any exhibits that were not properly admitted as evidence during the hearing was harmless under the circumstances described above.

Next, we address Employee's recent motion asking us to accept a "self-prepared verbatim transcript/reconstruction of the March 6, 2026 hearing" as the official transcript for purposes of this appeal.  In the alternative, Employee asks us to accept and consider the "official hearing recording maintained by the Court of Workers' Compensation Claims clerk."  In support of his motion, Employee asserts that the proffered transcript was a "verbatim reconstruction prepared from his own recording, notices, recollection, and available materials."

Simply put, we have no authority to grant Employee the relief he seeks with respect to a transcript.  Tennessee Code Annotated section 50-6-217(a)(2)(A) states that a transcript of any relevant hearing must be "prepared by a licensed court reporter."  Tenn. Comp. R. and Regs. 0800-02-22-.06(1) specifies that "[a] party or parties may have a transcript of any hearing pertinent to the appeal of a compensation order prepared by a licensed court reporter and filed with the clerk of the court of workers' compensation claims within fifteen (15) calendar days of the filing of the notice of appeal."  We are bound by the laws and regulations governing appeals of workers' compensation orders and have no discretion to disregard unambiguous mandates.  Moreover, we cannot excuse Employee from those procedural requirements because he is self-represented in this appeal.  As explained by the Tennessee Court of Appeals:

[C]ourts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (internal citations omitted). Thus, we are compelled to deny Employee's motion to have the proffered transcript accepted into the record.

Most recently, Employee filed a motion to "correct the record" to clarify a statement in his reply brief suggesting that certain testimony he offered previously occurred during the March 6, 2026 hearing. He asked that we instead note that the testimony in question was contained in his Rule 72 Declaration. We grant that motion.

*Application of Law to Facts*

Employee seeks an extraordinary remedy, and we conclude the evidence presented does not support such a result. Instead, the record supports the following: (1) Employee reported a work-related accident resulting in pain and other symptoms; (2) Employee was provided authorized medical treatment, including treatment with an orthopedic specialist; (3) after Employee was placed at MMI and assigned a permanent medical impairment rating, Employee was presented with a proposed settlement agreement; (4) Employee accepted the written settlement offer by signing and returning it to Employer's representative; (5) Employee was provided copies of the proposed settlement documents prior to the date of the settlement approval hearing; (6) Employer's counsel explained the settlement process and the settlement documents to Employee; (7) the trial judge who reviewed the settlement agreement explained to Employee his rights under Tennessee's Workers' Compensation Law; and (8) the settlement agreement was approved and incorporated into the judgment of the court.

We further conclude that Employee did not come forward with clear and convincing evidence to support Rule 60 relief. He did not offer evidence that any medical record was falsified or altered. He did not offer evidence that Employer or its counsel manufactured the contents of the Form C-32 or the Addendum signed and dated by Dr. Jenkins. He offered no evidence that Employer or its counsel concealed or affirmatively misrepresented any pertinent fact. Finally, although we acknowledge that Employee showed certain errors were made in preparing an accurate record in this case, we cannot conclude that any such errors were unduly prejudicial to Employee or somehow prevented him from presenting evidence in support of his request for relief.

*Request for Frivolous Appeal Finding*

Finally, we address Employer's request that we deem this appeal frivolous and award Employer its attorney's fees. As defined by Tennessee's appellate courts, a frivolous appeal is one that had "no reasonable chance of succeeding," *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015), or one that is "devoid of merit" or "brought solely for delay," *Harris v. Express Employment Pros.*, No. 2025-60-7980, 2026 TN Wrk. Comp. App. Bd. LEXIS 40, at *24 (Tenn. Workers' Comp. App. Bd. July 9, 2026). Here, although Employee ultimately did not prevail in this appeal, he raised certain meritorious issues concerning procedures and the contents of the record. In these circumstances, we decline to deem Employee's appeal frivolous.

## Conclusion

For the foregoing reasons, we affirm the trial court's March 23, 2026 order and certify it as final. Costs on appeal were waived.

13



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| Demetrius Webb | Docket No. 2024-20-6489 |
|---|---|
| v. | State File No. 14599-2024 |
| A.O. Smith Water Products Co., et al. | |
| Appeal from the Court of Workers'<br>Compensation Claims<br>Robert V. Durham, Judge | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of August, 2026.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Demetrius Webb | | | | X | webbdemetrius9@gmail.com<br>theone2121@proton.me |
| Lee Anne Murray<br>Taylor R. Pruitt | | | | X | leeamurray@feeneymurray.com<br>trp@feeneymurray.com<br>wcparalegal@feeneymurray.com |
| Robert V. Durham, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov